# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DIWANN MATHIS,

                                **Plaintiff,**

v.

AMERICAN FINANCE LLC,

                                **Defendant,**

C.A No. 8:26-cv-2189-JLB-LSG

**JURY DEMAND**

## COMPLAINT

### INTRODUCTION

1. Plaintiff DiWann Mathis, proceeding pro se, brings this action against Defendant American Finance, LLC for violations of federal and Florida law arising from Defendant's filing of a fraudulent Form 1099-C with the Internal Revenue Service reporting $11,836.00 in cancelled debt and $0.00 Fair Market Value for a 2013 Ford E-250 titled to Plaintiff. The fraudulent filing has caused the Internal Revenue Service to assess $2,661.00 in additional tax liability against Plaintiff, intercept $3,166.89 from Plaintiff's federal tax refund, and has resulted in the ongoing denial of vehicle financing and housing each time Plaintiff applies and the lender reviews Plaintiff's IRS tax transcripts.

2. Plaintiff asserts three causes of action: (I) fraudulent filing of an information return, 26 U.S.C. § 7434; (II) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.

1



§ 501.204; and (III) tortious interference with a business relationship under Florida common law.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff asserts a claim arising under 26 U.S.C. § 7434 for the fraudulent filing of an information return with the Internal Revenue Service.

4. This Court has supplemental jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims arise from the same case or controversy as Plaintiff's federal claim and share common operative facts.

5. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) because: (a) Defendant American Finance, LLC purposefully directed its activities toward this District; (b) the IRS Notice CP49 documenting the interception of Plaintiff's tax refund was sent to Plaintiff at his Florida address within this District; and (c) the tortious interference with Plaintiff's courier business occurred within this District.

6. Personal jurisdiction over Defendant American Finance, LLC is proper under Florida's long-arm statute, Fla. Stat. § 48.193, because Defendant purposefully directed its conduct toward Florida, including: (a) financing a vehicle for a Florida resident; (b) filing a fraudulent Form 1099-C that resulted in the interception of Plaintiff's tax refund, with the IRS refund offset notice sent to Plaintiff at his Florida address; and (c) engaging in deceptive trade practices that have caused Plaintiff ongoing economic harm at his Florida residence.

**PARTIES**

2

7. Plaintiff DIWANN MATHIS is an individual residing at 4015 Pine Street, Seffner, Florida 33584, Hillsborough County, within the Middle District of Florida, Tampa Division. Plaintiff is the titled owner of the 2013 Ford E-250 that is the subject of the fraudulent Form 1099-C at issue in this action. Plaintiff is a self-employed independent contractor who operates a courier service requiring daily vehicle availability. Plaintiff's courier business is the sole source of income for Plaintiff and his family.

8. Defendant AMERICAN FINANCE, LLC ("AF" or "American Finance") is a Delaware limited liability company with its principal place of business at 17507 South DuPont Highway, Suite 1, Harrington, Delaware 19952. American Finance is in the business of consumer auto financing. American Finance financed the 2013 Ford E-250 for Plaintiff. American Finance may be served with process at its principal place of business.

**FACTUAL BACKGROUND**

**A. The Ford E-250 and the Creditor-Debtor Relationship**

9. Defendant American Finance, LLC financed a 2013 Ford E-250 ("E-250") for Plaintiff DiWann Mathis. Plaintiff is the titled owner of the E-250.

**B. The Fraudulent Form 1099-C**

10. On or about October 12, 2023, Defendant American Finance, LLC filed a Form 1099-C (Cancellation of Debt) with the Internal Revenue Service with respect to Plaintiff, reporting: (a) cancelled debt of $11,836.00 in Box 2; and (b) Fair Market Value of the property of $0.00 in Box 7.

11. The reported Fair Market Value of $0.00 is demonstrably false. A 2013 Ford E-250 had a fair market value of between $5,000.00 and $10,000.00 at the time the Form 1099-C was

3

filed. A motor vehicle cannot have a fair market value of zero dollars.

12. Upon information and belief based on Plaintiff's direct inquiry with the Delaware Division of Motor Vehicles, the E-250 remains titled to Plaintiff with no subsequent transfer of title recorded. Defendant American Finance, LLC reported $0.00 Fair Market Value for a vehicle it never obtained title to and, upon information and belief, never took possession of.

13. Defendant American Finance, LLC never furnished a copy of the Form 1099-C to Plaintiff as required by 26 U.S.C. § 6050P, which mandates that any person required to file an information return under this section shall furnish a statement to each person whose name is required to be set forth in such return. Plaintiff had no knowledge of the fraudulent filing until the IRS acted upon it.

14. The filing of the fraudulent Form 1099-C reporting $0.00 Fair Market Value was material. The false $0.00 entry in Box 7 inflated the reported cancelled debt income, maximized the resulting tax assessment against Plaintiff, and entitled Defendant American Finance, LLC to claim a corresponding tax deduction for the full $11,836.00 in purported cancelled debt — a deduction inflated by the false valuation.

**C. The IRS Assessment and Refund Interception**

15. As a direct result of Defendant American Finance, LLC's filing of the fraudulent Form 1099-C, the Internal Revenue Service issued Notice CP3219A to Plaintiff on May 5, 2025, assessing $2,661.00 in additional tax liability based on the $11,836.00 in unreported cancelled debt income. The CP3219A confirms that a third party reported $11,836.00 in cancellation of debt income to the IRS that Plaintiff did not report on his return because he was never notified of the filing.

4

16. Between February 10, 2025 and March 9, 2026, the Internal Revenue Service issued seven separate notices and enforcement actions against Plaintiff based upon the fraudulent Form 1099-C filed by Defendant American Finance, LLC, culminating in IRS Notice CP49 dated March 9, 2026.

17. On March 9, 2026, the IRS intercepted $3,166.89 from Plaintiff's 2025 federal tax refund and applied it to the balance created by the fraudulent Form 1099-C. The IRS Notice CP49 was sent to Plaintiff at his Florida address: 4015 Pine Street, Seffner, Florida 33584. The amount intercepted ($3,166.89) exceeds the original assessment ($2,661.00) because interest and penalties accrued during the eighteen months the IRS pursued Plaintiff for a tax liability created entirely by Defendant American Finance, LLC's fraudulent filing.

**D. Ongoing Harm — Denial of Vehicle Financing and Housing**

18. Since the filing of the fraudulent Form 1099-C, Plaintiff has applied for vehicle financing and housing through multiple lenders and leasing companies. These entities require applicants to provide income verification including IRS tax transcripts covering the prior two-year period. Upon reviewing Plaintiff's tax transcripts, which reflect the $11,836.00 in fraudulent cancelled debt reported by Defendant American Finance, LLC, these lenders and leasing companies have denied Plaintiff's applications.

19. Certain lenders that do not conduct traditional credit bureau checks nonetheless review IRS tax transcripts as an alternative method of assessing creditworthiness. Upon discovering the fraudulent debt reported by Defendant American Finance, LLC on Plaintiff's tax transcript, these lenders have denied financing that would otherwise have been approved.

20. The fraudulent Form 1099-C continues to cause Plaintiff ongoing economic harm each time he seeks vehicle financing or housing, and will continue to do so until the fraudulent filing is corrected. Defendant American Finance, LLC has taken no steps to correct or amend the fraudulent Form 1099-C despite being on notice of the harm it has caused.

21. Plaintiff raised the Form 1099-C issue directly with Defendant American Finance, LLC's counsel and requested clarification. Defendant American Finance, LLC's counsel ignored the inquiry and took no corrective action. The failure to correct the fraudulent filing despite actual notice of the harm demonstrates willfulness and bad faith.

**E. Impact on Plaintiff's Courier Business**

22. Plaintiff is a self-employed independent contractor who operates a courier service, accepting daily delivery routes and freight. This courier business is the sole source of income for Plaintiff and his family.

23. Plaintiff's courier business requires daily access to a reliable vehicle to accept delivery routes. Plaintiff requires vehicle financing to obtain a vehicle suitable for courier operations.

24. Plaintiff has been unable to obtain vehicle financing due to the fraudulent Form 1099-C on his IRS tax transcript, which has resulted in the denial of vehicle financing by multiple lenders as described in paragraphs 18 through 20.

25. The inability to obtain vehicle financing has directly and ongoing impaired Plaintiff's ability to maintain and grow his courier business. Plaintiff has experienced lost courier income due to reduced ability to accept daily delivery routes, reduced future route availability from the courier service due to inconsistent vehicle availability, in an effort to

6

maintain courier operations.

26. Each denial of vehicle financing caused by the fraudulent Form 1099-C constitutes a separate and ongoing interference with Plaintiff's courier business relationship. The interference is continuous and will persist until Defendant American Finance, LLC corrects the fraudulent filing.

## CAUSES OF ACTION

## COUNT I

## FRAUDULENT FILING OF INFORMATION RETURN

## 26 U.S.C. § 7434

Plaintiff DiWann Mathis v. Defendant American Finance, LLC

27. Plaintiff incorporates by reference paragraphs 7 through 8 (parties) and 10 through 21 (1099-C and ongoing harm).

28. Defendant American Finance, LLC filed a Form 1099-C (Cancellation of Debt) with the Internal Revenue Service with respect to Plaintiff on or about October 12, 2023.

29. The Form 1099-C was fraudulent as to a material matter. Defendant American Finance, LLC reported a Fair Market Value of $0.00 in Box 7 for a 2013 Ford E-250 that: (a) had a fair market value of between $5,000.00 and $10,000.00; (b) remains titled to Plaintiff with no transfer of title recorded per the Delaware Division of Motor Vehicles; and (c) upon information and belief, was never obtained or possessed by Defendant American Finance, LLC.

30. The fraudulent filing was willful. Defendant American Finance, LLC knew the make, model, and year of the vehicle it financed. No reasonable creditor could in good faith assign

7

a fair market value of $0.00 to a motor vehicle. The false $0.00 entry was designed to inflate the reported cancelled debt income, maximize the tax assessment against Plaintiff, and maximize the corresponding tax deduction claimed by Defendant American Finance, LLC.

31. Defendant American Finance, LLC failed to furnish a copy of the Form 1099-C to Plaintiff as required by 26 U.S.C. § 6050P, depriving Plaintiff of the opportunity to challenge the false filing before the IRS acted upon it.

32. As a direct result of the fraudulent filing, Plaintiff has suffered actual damages including but not limited to: (a) interception of $3,166.89 from his 2025 federal tax refund; (b) interest and penalties assessed by the IRS during the eighteen-month period the IRS pursued the fraudulent assessment; (c) denial of vehicle financing by multiple lenders and leasing companies that reviewed his IRS tax transcripts reflecting the fraudulent cancelled debt; (d) denial of housing by leasing companies that reviewed his IRS tax transcripts; and (e) the ongoing inability to obtain financing or housing as long as the fraudulent 1099-C remains uncorrected.

33. Pursuant to 26 U.S.C. § 7434(b), Plaintiff is entitled to recover the greater of $5,000.00 or his actual damages, plus the costs of the action and reasonable attorney's fees.

**COUNT II**

**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

**FLA. STAT. § 501.204**

Plaintiff DiWann Mathis v. Defendant American Finance, LLC

34. Plaintiff incorporates by reference paragraphs 7 through 8 (parties) and 10 through 26 (1099-C, ongoing harm, and impact on courier business).

8

35. Defendant American Finance, LLC engaged in deceptive acts and unfair practices in the conduct of trade or commerce in violation of Fla. Stat. § 501.204, including but not limited to:

(a) Filing a Form 1099-C with the IRS reporting $0.00 Fair Market Value for a vehicle worth $5,000.00 to $10,000.00, causing Plaintiff to suffer an IRS tax assessment and refund interception;

(b) Failing to furnish a copy of the Form 1099-C to Plaintiff as required by federal law, depriving Plaintiff of the opportunity to challenge the false filing;

(c) Filing the fraudulent Form 1099-C to claim a tax deduction for the full $11,836.00 in purported cancelled debt while reporting $0.00 Fair Market Value — inflating both the consumer's tax liability and the creditor's tax benefit;

(d) Taking no steps to correct or amend the fraudulent Form 1099-C despite being on notice of the harm it has caused to Plaintiff; and

(e) Causing Plaintiff ongoing denial of vehicle financing and housing through the continued presence of the fraudulent cancelled debt on Plaintiff's IRS tax transcripts.

36. Defendant American Finance, LLC's deceptive acts and unfair practices caused actual damages to Plaintiff including: interception of $3,166.89 from his tax refund, interest and penalties on the fraudulent IRS assessment, ongoing denial of vehicle financing and housing, lost courier income, and rental car expenses.

37. Pursuant to Fla. Stat. § 501.211, Plaintiff is entitled to recover actual damages, attorney's fees, and costs.

**COUNT III**

9

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**

Plaintiff DiWann Mathis v. Defendant American Finance, LLC

38. Plaintiff incorporates by reference paragraphs 7 through 8 (parties), 18 through 20 (ongoing financing denials), and 22 through 26 (impact on courier business).

39. Plaintiff maintains an ongoing business relationship with a courier service through which he operates as a self-employed independent contractor, accepting daily delivery routes and freight. This courier business is the sole source of income for Plaintiff and his family.

40. Plaintiff's courier business requires daily access to a reliable vehicle. Plaintiff requires vehicle financing to obtain and maintain a vehicle suitable for courier operations.

41. Defendant American Finance, LLC intentionally and unjustifiably interfered with Plaintiff's business relationship by filing a fraudulent Form 1099-C that: (a) placed $11,836.00 in fraudulent cancelled debt on Plaintiff's IRS tax transcript; (b) caused multiple lenders to deny Plaintiff's vehicle financing applications upon reviewing his tax transcripts; (c) prevented Plaintiff from obtaining a vehicle necessary to maintain consistent courier operations; and (d) resulted in reduced route availability and lost income because Plaintiff cannot maintain reliable daily vehicle access.

42. The interference was unjustified because: (a) the Form 1099-C reported $0.00 Fair Market Value for a vehicle worth $5,000.00 to $10,000.00; (b) Defendant never furnished a copy to Plaintiff as required by law; (c) Defendant has taken no steps to correct the fraudulent filing despite notice of the harm; and (d) there is no legitimate business justification for reporting a false Fair Market Value on a federal tax form.

10

43. The interference is ongoing. Each time Plaintiff applies for vehicle financing and is denied because a lender reviews his IRS tax transcript and discovers the fraudulent cancelled debt, Defendant American Finance, LLC's fraudulent filing directly interferes with Plaintiff's ability to maintain his courier business.

44. As a direct and proximate result, Plaintiff has suffered damages including: lost courier income due to reduced ability to accept delivery routes; reduced future route availability from the courier service due to inconsistent vehicle availability; and the ongoing inability to obtain vehicle financing as long as the fraudulent 1099-C remains uncorrected.

**DAMAGES**

45. As a result of Defendant's conduct, Plaintiff has suffered the following categories of damages:

(a) Interception of $3,166.89 from Plaintiff's 2025 federal tax refund as a direct result of the fraudulent Form 1099-C;

(b) Interest and penalties assessed by the IRS on the fraudulent tax liability during the eighteen-month period from the initial IRS notice (February 10, 2025) through the refund interception (March 9, 2026), representing the difference between the original assessment of $2,661.00 and the intercepted amount of $3,166.89;

(c) Lost courier income resulting from Plaintiff's inability to obtain vehicle financing necessary to maintain daily courier operations;

(d) Ongoing denial of vehicle financing by multiple lenders and leasing companies that reviewed Plaintiff's IRS tax transcripts reflecting the $11,836.00 in fraudulent cancelled debt;

11

(e) Ongoing denial of housing by leasing companies that reviewed Plaintiff's IRS tax transcripts reflecting the fraudulent cancelled debt;

(f) Reduced future route availability from the courier service due to Plaintiff's inability to maintain consistent vehicle availability;

(g) Statutory damages under 26 U.S.C. § 7434(b) equal to the greater of $5,000.00 or actual damages, plus costs; and

(h) Litigation fees and costs recoverable under 26 U.S.C. § 7434(b) and Fla. Stat. § 501.211.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

**As to Count I (26 U.S.C. § 7434):**

1. Award Plaintiff damages equal to the greater of $5,000.00 or his actual damages resulting from Defendant American Finance, LLC's fraudulent filing of Form 1099-C, plus the costs of the action and reasonable attorney's fees pursuant to 26 U.S.C. § 7434(b).

2. Order Defendant American Finance, LLC to file a corrected Form 1099-C with the Internal Revenue Service reflecting the true Fair Market Value of the 2013 Ford E-250 at the time of the original filing.

**As to Count II (FDUTPA):**

3. Award Plaintiff actual damages for Defendant American Finance, LLC's violations of Fla. Stat. § 501.204, plus attorney's fees and costs pursuant to Fla. Stat. § 501.211.

4. Enter declaratory and injunctive relief requiring Defendant American Finance, LLC to file a corrected Form 1099-C with the IRS.

**As to Count III (Tortious Interference):**

5. Award Plaintiff compensatory damages including lost courier income, rental car expenses, reduced route availability, and consequential damages resulting from Defendant American Finance, LLC's tortious interference with his business relationship.

**As to All Counts:**

6. Award pre-judgment and post-judgment interest as allowed by law.

7. Award costs of this action.

8. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted

/s/ *DiWann M. Mathis*
DiWann M. Mathis, Pro Se
P.O. Box 147
Seffner, Florida 33583
mathisadlitem@gmail.com

Dated: July 29, 2026

13